UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LARKLAND TABOIS,

                              Plaintiff,

        vs.

The CITY OF NEW YORK,
POLICE OFFICERS
IAN ESPARZAMESTRES, and
JOHN DOE,
in their individual and official capacities,

                              Defendants.
------------------------------------------------------------x

FILED
CLERK

2016 AUG -3  AM 11: 26

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**COMPLAINT**

**ECF Case**

**CV 16        4312**

**GERSHON, J.**

**KUO, M.J.**

**JURY TRIAL DEMANDED**

Plaintiff Larkland Tabois, by his attorney, Cyrus Joubin, complaining of the Defendants,

respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.   This civil rights action arises from the false arrest and malicious prosecution of

Larkland Tabois ("Plaintiff") after he was baselessly suspected of tampering with ticket

machines at Jamaica Subway Station.  Plaintiff asserts constitutional claims pursuant to

42 U.S.C. § 1983 ("Section 1983") against the individual defendants for false arrest,

malicious prosecution, and failure to intervene, and a *Monell* claim against the City of

New York for the same constitutional violations.  Plaintiff seeks compensatory and

punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state

and federal civil rights law.

## JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LARKLAND TABOIS,

Plaintiff,

vs.

The CITY OF NEW YORK
POLICE OFFICERS
IAN ESPARZA/MESTRES and
JOHN DOE,
in their individual and official capacities,

Defendants.

COMPLAINT

CV 16 4312

GERSHON, J.

KUO, M.J.

JURY TRIAL DEMANDED

Plaintiff Larkland Tabois by his attorney, Cyrus Joubin, complaining of the Defendants respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This civil rights action arises from the false arrest and malicious prosecution of Larkland Tabois ("Plaintiff") after he was baselessly suspected of tampering with ticket machine at Jamaica Subway Station. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for false arrest, malicious prosecution, and failure to intervene, and a *Monell* claim against the City of New York for the same constitutional violations. Plaintiff seeks compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state and federal civil rights law.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and

the Fourth Amendment to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

3.  Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

4.  Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff Larkland Tabois is a United States citizen and a resident of Brooklyn, New York.

7.  The individually named defendants Police Officer Christopher Ian Esparzamestres (Tax ID #932606) ("PO Esparzamestres") and Police Officer John Doe ("PO Doe") (collectively, the "individual defendants") are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

8.  On the date of the incident giving rise to this complaint, the individual defendants were assigned to the Transit Division Special Operations Unit.

9.  Each individual defendant is sued in his individual and official capacity.  At all times mentioned herein, each individual defendant acted under the color of state law,

2

in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

10.     Defendant City is a municipality created and authorized under the laws of New York State.  It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## STATEMENT OF FACTS

11.     On April 3, 2014, around 9:30 AM, Plaintiff walked inside the Courthouse at 100 Centre Street in New York County, New York, for a court appearance in Part C, on the second floor of the building.

12.     As Plaintiff walked to the door of Part C, two police officers in plain clothes – PO Esparzamestres and PO Doe – approached him and told him he was under arrest.

13.     Plaintiff asked why he was under arrest, and the officers showed Plaintiff a photograph ("the Photograph") from a surveillance video.

14.     The Photograph depicted a man (the "Real Criminal") in a subway station who had committed various crimes in the subway station.

15.     PO Esparzamestres said he knew Plaintiff was the Real Criminal.

16.     Plaintiff credibly and plausibly denied being the Real Criminal.

17.     The Photograph was a still frame from a surveillance video recording, which depicted the Real Criminal, who, besides than having dark skin, bore no resemblance to Plaintiff.

18.     Moreover, there were obvious ways to distinguish Plaintiff from the Real Criminal.  For example, while Plaintiff had a tattoo on his right leg, the Real Criminal – who was wearing shorts in the Photograph – had no such tattoo.

19.     Nevertheless, the individual defendants arrested Plaintiff, handcuffing him behind his back.

20.     The individual defendants escorted Plaintiff to their police cruiser, and transported him to a precinct in Queens, New York (the "Precinct").

21.     At the Precinct, Plaintiff was booked and processed, photographed and fingerprinted, searched and detained.

22.     In the late afternoon of April 3, Plaintiff was transported to Central Booking in Queens, New York.

23.     Plaintiff remained in Central Booking overnight.

24.     Plaintiff was arraigned on Docket No. 2014QN019428, in which he was charged with twenty-six counts of criminal activity, fifteen of those counts being felonies.

25.     Specifically, the Criminal Court Complaint (the "Complaint") charged Plaintiff with eight counts of Criminal Tampering in the First Degree ("D" felony), seven counts of Criminal Mischief in the Third Degree ("E" felony), Criminal Mischief in the Fourth Degree ("A" misdemeanor), two counts of Unauthorized Sale of Certain Transportation Services ("B" misdemeanor), and eight counts of Loitering (violation).

26.     The allegations underlying the Complaint were written and sworn to, under penalty of criminal prosecution, by PO Esparzamestres, who "states that he has obtained and watched a video surveillance recording of...the E/J/Z Jamaica Center Subway Station."

27.     The lengthy Complaint alleges eight dates in 2013 – August 11 and16; September 6, 19, 23, and 25; and October 16 and 30 – in which "said surveillance shows...the defendant, Larkland Z. Tabois" committing various crimes (namely,

4

tampering, selling metro card swipes, and loitering) in the Jamaica Center subway station.

28.     In fact, Plaintiff never committed those crimes and was not the person depicted in the surveillance videos.

29.     Even though it should have been obvious to the individual defendants that Plaintiff was not the Real Criminal, the individual defendants failed to exercise basic judgment and scrutiny, and deliberately and recklessly decided to submit false charges to the Queens County District Attorney Office.

30.     At Plaintiff's arraignment, the presiding criminal court judge imposed pretrial supervised release, which allowed Plaintiff to leave criminal court on April 4, 2014 without set bail but required him to check in frequently with his case manager.

31.     Plaintiff was ordered to appear in Queens County Criminal Court on at least five dates.

32.     The prosecution against Plaintiff lasted until November 3, 2014, at which point the prosecution was dismissed and sealed pursuant to NY Criminal Procedure Law Section 30.30.

33.     The NYPD failed to supervise and discipline the individual defendants despite their histories of malicious and mendacious behavior, ignoring the risk that they would engage in future misconduct, thereby encouraging them to continue to abuse their powers and violate the rights of civilians.

34.     There is a systemic failure to identify, discipline, and supervise NYPD officers who fabricate charges, a failure so widespread, obvious, and tolerated as to constitute a custom and policy of Defendant City.

35.     As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

        a.  Violation of his constitutional rights under the Fourth Amendment to the United States Constitution;

        b.  Severe emotional trauma, distress, degradation, and suffering.

## SECTION 1983 CLAIMS

## FIRST CLAIM

### Deprivation of Federal Civil Rights Under Section 1983

36.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

37.     All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

38.     All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

39.     The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth Amendment of the United States Constitution.

40.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### False Arrest Under Section 1983

41.    Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

42.    By the actions described above, Defendants deprived Plaintiff of his federal civil rights, including his Fourth Amendment right to be secure in his person against unreasonable searches and seizures, specifically his right to be free of false arrest.

43.    As detailed above, the individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, without privilege or consent.

44.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged .

## THIRD CLAIM

### Malicious Prosecution Under Section 1983

45.    Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

46.    By the actions described, the Defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from malicious prosecution.

47.    Without probable cause, the individual defendants directly and actively initiated a criminal proceeding against Plaintiff, creating a fraudulent theory of guilt.

48.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### Failure to Intervene Under Section 1983

7

49.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

50.     Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

51.     The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

52.     As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Municipal Liability Under Section 1983

53.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

54.     By the actions described, the Defendant City deprived Plaintiff of his Fourth Amendment right to be free of false arrest and malicious prosecution through its failure to train, supervise, and discipline mendacious and malicious officers; and through its fostering a culture of abuse and dishonesty among those who wield considerable power over the lives of everyday citizens.

55.     As a direct and proximate result of the acts of Defendant City, Plaintiff sustained the other damages and injuries hereinbefore alleged.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

a. An order awarding compensatory damages for Plaintiff Larkland Tabois in an amount to be determined at trial;

b. An order awarding punitive damages in an amount to be determined at trial;

c. A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

d. Such other and further relief as this Court may deem appropriate.

DATED: August 2, 2016
   New York, New York

_____ s/
CYRUS JOUBIN, ESQ.
43 West 43rd Street, Suite 119
New York, NY 10036
(703) 851-2467
joubinlaw@gmail.com
Attorney for Larkland Tabois